UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SHAWN EDMONDS | CIVIL ACTION NO. 07-0708 |
| VS. | SECTION P |
| SGT. DUKE, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Shawn Edmonds on April 17, 2007.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Franklin Parish Detention Center (FPDC), Winnsboro, Louisiana; however, he complains of an incident that occurred at the Caldwell Corrections Center (CCC), Grayson, Louisiana, on March 26, 2007. He named CCC personnel, Sergeant Dukes, Lieutenant Davis, and Warden Antoine, as defendants.  He seeks money damages in the amount of $350,000 and prays that the defendants be discharged from employment.

*Statement of the Case*

On March 26, 2007, plaintiff was incarcerated at the CCC in Grayson, Louisiana. Plaintiff was apparently outside in the prison yard and defendant Sgt. Dukes admonished him to get away from the fence. Plaintiff advised Dukes that he was not communicating with anyone through the fence, but was instead "... working out over on the iron pile." Plaintiff also advised Dukes that he was doing nothing in violation of prison rules.  Dukes threatened to send plaintiff back inside to

the prison dormitory. Plaintiff responded, "If that's what you really want, well, then just do it, send me on inside." Sgt. Dukes then called plaintiff a "smart-ass." Plaintiff advised Dukes, "You don't have to cuss me when you speak to me." Dukes then used profanity against plaintiff and a racial epithet.

## *Law and Analysis*

### *1. Initial Review*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, but

they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint provides a detailed description of the facts relied upon to support his specific theory of liability with respect to the defendants. Therefore, further amendment of these pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that the plaintiff's claims are frivolous.

## 2. Threats, Profanity and Racial Epithets

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

Plaintiff claims that he was verbally threatened by a prison guard. Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983). Further, plaintiff's allegation that he was otherwise verbally abused (i.e. that he was the target of profanity and racial

epithets) does not state a claim of constitutional dimension.  Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action under §1983. *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5 Cir.1993), *Siglar v. Hightower*, 112 F.3d 191 (5 Cir.1997.

Finally, 42 U.S.C. § 1997e was amended by the Prison Litigation and Reform Act (PLRA) of 1996.  Under §1997e(e), prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." *Crawford-el v. Britton*, 523 U.S. 574, 596, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).  The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant.  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir.1999) (citing *Siglar v. Hightower*, 112 F.3d 191 (5th Cir.1997).  Plaintiff has alleged no physical injury resulting from the complained of verbal abuse, yet he seeks damages of $350,000.  Plaintiff thus implies that he sustained mental or emotional injuries as a result of the defendants' actions.  Plaintiff was clearly not physically injured by the threats, taunts, or profanity, and therefore §1997e(e) prohibits him from recovering monetary damages.

In short, plaintiff's claims are manifestly frivolous and dismissal on that basis is recommended. Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 21st day of June, 2007.

*[signature]*
KAREN L. HAYES
U. S. MAGISTRATE JUDGE